UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPT
NORTHERN DIVISION

**ELZA C. SANDERS**                                                                                   **PLANTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:25-cv-186-DPJ-ASH**

**SHERIFF MARTIN PAGE,**
Warren County Sheriff Department, individual capacity                         **DEFENDANT**

### SHERIFF MARTIN PACE'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Sheriff Martin Pace[1] (hereafter "Answering Defendant"), by and through counsel, submits his Answer to Plaintiff's Complaint [1] as follows:

### FIRST DEFENSE

Plaintiff's Complaint [1] ("Complaint") fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss the same.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

---

[1] Plaintiff erroneously identifies answering defendant as "Sheriff Martin Page."

**[INTENTIONALLY LEFT BLANK]**

**THIRD DEFENSE**

Answering defendant specifically asserts and invokes all the privileges available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Insofar as any state law claims are concerned, answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq., including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE**

Answering defendant denies that he has been guilty of any actionable conduct.

**SIXTH DEFENSE**

Martin Pace is entitled to qualified immunity in this matter. More specifically, Sheriff Pace avers Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that his conduct was objectively reasonable at all times.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to Plaintiff's Complaint, paragraph-by-paragraph as follows:

## COMPLAINT

I. **The Parties in this Complaint**

   A. **The Plaintiff(s)**

Answering defendant admits, upon information and belief, the allegations of paragraph I.A of Plaintiff's Complaint.

   B. **The Defendant(s)**

Answering defendant admits he is the duly elected Sheriff of Warren County, Mississippi, and held that position during Plaintiff's incarceration. Answering defendant denies the remaining allegation of paragraph I.B of Plaintiff's Complaint, as stated.

II. **Basis for Jurisdiction**

Without waiving any limitations, immunities, restrictions, or defenses, answering defendant admits this Court has jurisdiction over federal claims. Answering defendant denies the remaining allegations of paragraph II of Plaintiff's Complaint, including subparagraphs A-D, as stated.

III. **Prisoner Status**

Answering defendant admits, upon information and belief, the allegations of paragraph III of Plaintiff's Complaint.

**IV.  Statement of Claim**

A.  Answering defendant denies the allegations of paragraph IV.A of Plaintiff's Complaint, as stated.

B.  Answering defendant denies the allegations of paragraph IV.B of Plaintiff's Complaint, as stated.

C.  Answering defendant denies the allegations of paragraph IV.C of Plaintiff's Complaint, as stated.

D.  Answering defendant denies the allegations of paragraph IV.D of Plaintiff's Complaint, as stated.

**V.  Injuries**

Answering defendant denies the allegations of paragraph V of Plaintiff's Complaint, as stated.

**VI.  Relief**

Answering defendant denies the allegations of paragraph VI of Plaintiff's Complaint and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

**VII.  Exhaustion of Administrative Remedies Administrative Procedures**

A.  Answering defendant admits, upon information and belief, his claim arose while confined in jail/prison. Answering defendant denies the remaining allegations of paragraph VII.A of Plaintiff's Complaint, as stated.

B.  Answering defendant denies the allegations of paragraph VII.B of Plaintiff's Complaint, as stated.

C.  Answering defendant denies the allegations of paragraph VII.C of Plaintiff's Complaint, as stated.

D.  Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph VII.D of Plaintiff's Complaint and, as such, denies the same.

E.  Answering defendant denies the allegations of paragraph VII.E, including subparagraphs (1) through (4), of Plaintiff's Complaint, as stated.

F.  Answering defendant denies the allegations of paragraph VII.F, including subparagraphs (1) and (2), of Plaintiff's Complaint, as stated.

G.  There are no allegations in paragraph VII.G and, as such, a response is not required.

**VIII.  Previous Lawsuits**

Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph VIII of Plaintiff's Complaint and, as such, denies the same.

**EIGHTH DEFENSE**

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendant alleges that he met or exceeded the requirements of law and due care, and that he is guilty of no acts or omissions which either caused or contributed to the incident(s) in question.

## **TENTH DEFENSE**

Answering defendant alleges Plaintiff's claims may be barred by, and answering defendant affirmatively pleads: accord and satisfaction, failure to mitigate, lack of standing, arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, res judicata, statute of limitations, statute of frauds, abstention, and any other matter constituting an avoidance or affirmative defense available to answering defendant.

## **ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendant affirmatively avers Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) as a defense to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable.

## FOURTEENTH DEFENSE

Answering defendant avers that at all times material to the allegations of Plaintiff's Complaint, his actions were in good faith, without malice, and within the course and scope of employment.

**FIFTEENTH DEFENSE**

Any allegations contained in Plaintiff's Complaint which are not specifically admitted herein, are hereby denied.

**SIXTEENTH DEFENSE**

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiff's Complaint, Sheriff Martin Pace requests the Court dismiss Plaintiff's claims against him with prejudice, and assess all costs against Plaintiff.

**DATE:** August 29, 2025

>Respectfully submitted,
>
>**SHERIFF MARTIN PACE**
>
>BY: /s/*William R. Allen*
>     One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS  39157
Tel. 601-948-5711
E-mail:  will.allen@butlersnow.com
E-mail:  will.boyd@butlersnow.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned of Butler Snow LLP, one of the attorneys for Defendant, Sheriff Martin Pace, hereby certify that I have filed the foregoing Answer to Plaintiff's Complaint with the Clerk of Court via the ECF System and that I have this day mailed, postage prepaid, a true and correct copy to the following non-ECF participant:

>Elza C. Sanders,
>#253399
>Central Mississippi Correctional Facility
>P.O. Box 88550
>Pearl, MS 39208
>    *Pro Se Plaintiff*

This 29th day of August 2025.

                                          */s/William R. Allen*
                                          OF COUNSEL

97230034.v1