IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPT
NORTHERN DIVISION

**ELZA C. SANDERS**                                                                               **PLANTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3 :25-cv-186-DPJ-ASH**

**SHERIFF MARTIN PAGE,**
Warren County Sheriff Department, individual capacity             **DEFENDANT**

### SHERIFF MARTIN PACE'S
### MEMORANDUM OF AUTHORITIES IN SUPPORT
### <u>OF MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Defendant, Sheriff Martin Pace (hereafter "Movant"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits his Memorandum of Authorities in Support of Motion for Judgment on the Pleadings as follows:

### <u>INTRODUCTION</u>

This matter arises out of Plaintiff's confinement in the Warren County Jail in Vicksburg, Mississippi in January 2022. *See Compl. CF/ECF Doc. No.* 1, ¶ IV.C. Plaintiff alleges he was subjected to unconstitutional conditions of confinement and inadequate medical care while in the County's custody. *Id*. at ¶ II.D, IV.D, and V.

### <u>STATEMENT OF FACTS</u>

According to Plaintiff's Complaint, he was incarcerated in the Warren County Jail in Vicksburg, Mississippi and suffered constitutional violations from January 18, 2022, through February 18, 2022. *Id*. at ¶ IV.C. Notably, Plaintiff's Complaint is handwritten and difficult to decipher. Nevertheless, when asked on what date the incidents giving rise to his claims occurred, Plaintiff states as follows:



Though Plaintiff mentions a June 2024, date in his Complaint, this citation seems mistaken given his response to Subsection IV.C. above.

According to Plaintiff, who uses a wheelchair, while confined to the Warren County Jail, he allegedly fell on at least one (1) occasion during this time period because there were no rails to grab onto. *Id.* ¶ II.D, IV.A, and IV.D. Plaintiff's fall(s) purportedly caused him to suffer a neck fracture. *Id.* At ¶ V.

As is outlined *infra*, Plaintiff's claims are barred by the statute of limitations and must be dismissed with prejudice.

## **LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *See, e.g., Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *Robertson v. Mullins*, 2:12-cv-57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013) (same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive Movant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401

(5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege sufficient factual matter "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S.Ct. at 1966 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 234)(quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)). A court should not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To rise to the level of plausibility, "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "If there are insufficient factual allegations to raise a right to relief above the speculative level, **the claim must be dismissed**." *Tate v. Lafayette Cnty. Miss.*, No. 1:11-cv-00204, 2012 WL 6454579, at *1 (N.D. Miss. Dec. 13, 2012). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## **LEGAL ARGUMENT**

Plaintiff's claims fail as a matter of law because they are untimely. There is no federally prescribed statute of limitations for claims arising under 42 U.S.C. §1983. The Court must borrow the applicable statute of limitations for the state in which it sits. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) *(citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). The Court must also adopt that State's tolling provision. *Id*. at 897.

Mississippi's three-year statute of limitations and tolling provisions govern this matter. *See* Miss. Code § 15-1-49. Mississippi law further provides that the filing of a civil action tolls the applicable statute of limitations if service is timely made upon the defendant(s). *See Erby v. Cox*, 654 So.2d 503 (Miss. 1995).

Here, Plaintiff alleges his claims arose from January 18, 2022, to February 18, 2022. *See Compl., CF/ECF Doc. No.* 1, ¶ IV.C. Thus, at latest, Plaintiff had until February 18, 2025, to file suit for these claims. However, Plaintiff did not bring this action until March 13, 2025. *Id*. Thus, Plaintiff's claims are untimely asserted by twenty-three (23) days. Plaintiff's action under § 1983 is time-barred and must be dismissed with prejudice.

## **CONCLUSION**

For the reasons stated hereinabove, as well as in Movant's Motion for Judgment on the Pleadings, Movant respectfully moves that this Court grant him a favorable judgment as a matter of law, dismissing Plaintiff's claims with prejudice, and granting all other such relief that this Court would find appropriate.

**DATE:**     **September 17, 2025**

Respectfully submitted,

**SHERIFF MARTIN PACE**

BY:    /s/ *William R. Allen*
        One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS  39157
Tel. 601-948-5711
E-mail:  will.allen@butlersnow.com
E-mail:  will.boyd@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow LLP, one of the attorneys for Defendant, Sheriff Martin Pace, hereby certify that I have filed the foregoing Memorandum of Authorities in Support of Motion for Judgment on the Pleadings with the Clerk of Court via the ECF System and that I have this day mailed, postage prepaid, a true and correct copy to the following non-ECF participant:

    Elza C. Sanders,
    # 253399
    Central Mississippi Correctional Facility
    P.O. Box 88550
    Pearl, MS 39208
        *Pro Se Plaintiff*

This 17th day of September 2025.

        /s/*William R. Allen*
        OF COUNSEL

97479085.v1