**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ELZA C. SANDERS**                                                                    **PLANTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 3 :25-cv-186-DPJ-ASH**

**MARTIN PACE,**
**Warren County Sheriff Department, individual capacity**                  **DEFENDANT**

**SHERIFF MARTIN PACE'S**
**MEMORANDUM OF AUTHORITIES IN**
**SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Sheriff Martin Pace, by and through counsel, and pursuant to Rule 56

of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act (PLRA), 42

U.S.C. §1997e, submits his Memorandum of Authorities in Support of Motion for

Summary Judgement as follows:

**INTRODUCTION**

This matter arises from Plaintiff's confinement in the Warren County Jail in

Vicksburg, Mississippi. *See Compl. CF/ECF Doc. No.* 1, ¶ IV.A. Plaintiff alleges during his

incarceration he was subjected to unconstitutional conditions of confinement and

inadequate medical care. *Id*. at ¶ II.D, IV.D, and V.  Plaintiff asserts claims against Sheriff

Pace in his official capacity only and these claims are due to be dismissed.

**STATEMENT OF FACTS**

According to Plaintiff's Complaint, he was incarcerated in the Warren County Jail

in Vicksburg, Mississippi beginning in January of 2021. *Id*. at ¶ IV.A. While confined to

the Warren County Jail, Plaintiff, a wheelchair user, allegedly fell because there were no

grab rails. *Id*. at ¶ II.D, IV.A, and IV.D.

On October 29, 2025, Plaintiff was afforded an omnibus hearing during which the Court screened his claims. Plaintiff was sworn in and while under oath provided testimony to clarify his claims. Plaintiff testified his claims were based on two separate falls. *See Omnibus Hearing Transcript*, 9:4-10:8, attached to the corresponding Motion as Exhibit A. Plaintiff additionally testified his claims against Sheriff Pace were claims against him in his **official capacity**. *Id*. at 19:12-25. Plaintiff further testified he was not seeking monetary relief but instead desires Sheriff Pace to "change something" in the Jail. *Id*. at 15:1-10. Finally, Plaintiff testified he merely suffered "aches and pains" as opposed to serious injury. *Id*. at 13:23-14-7 and 21:10-24. Plaintiff's claims fail and must be dismissed.[1]

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The United States Supreme Court has explained that the language of Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

---

[1] Sheriff Pace recently submitted a Motion for Judgment on the Pleadings and supporting Memorandum of Authorities seeking dismissal of this action in its entirety on the basis that this action is untimely asserted, and the same is currently pending before the Court. *See Motion* and *Memorandum, CF/ECF Doc. Nos*. 15 and 16, respectively. Sheriff Pace respectfully submits the instant Motion and Memorandum, which set forth additional grounds for dismissal, out of an abundance of caution and to comply with the Court's Order regarding dispositive motions for failure to exhaust administrative remedies. *See Order, CF/ECF Doc*. No. 26, pg. 2.

existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact...." *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561 (N.D. Miss. 1995) (citing *Celotex*, 477 U.S. at 324).

Once a properly supported Motion for Summary Judgment is presented, the nonmoving party must rebut it with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). The non-moving party cannot rely on mere denial of material facts or unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda; rather, the non-movant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

## LEGAL ARGUMENT

## I.    THIS ACTION IS MOOT

This action must be dismissed because Plaintiff's claims are now moot. It is well-settled that claims by an incarcerated person seeking equitable relief are moot where an inmate is removed from the facility. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2017) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991)); *see also*

*Fluker v. King*, 679 F. App'x 325, 328 (5th Cir. 2017) (finding that district court properly concluded that inmate's transfer to a different correctional facility rendered his claims for injunctive relief under Section 1983 and RLUIPA moot). Additionally, the "the possibility of transfer back to [Warren County Jail] is too speculative to warrant relief." *Id*. (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)).

In this case, as previously mentioned, Plaintiff confirmed he was not seeking monetary compensation for this action; rather he seeks equitable relief. Specifically, Plaintiff requests that Sheriff Pace "change something" about the Warren County Jail to include putting up handicap rails. *OHT*, 15:1-10. However, as noted by the Court, Plaintiff is no longer housed at the Warren County Jail but is instead confined to Central Mississippi Correctional Facility. *Id*. at 25:23. Thus, Plaintiff's claims are moot, and this action must be dismissed as such.

## II.    PLAINTIFF'S CLAIMS ARE BARRED BY THE PLRA

Additionally, Plaintiff's claims are barred by the provisions of the Prison Litigation Reform Act (PLRA), which is codified as 42 U.S.C. §1997e. Section 1997e(h) of the PLRA, defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." The Fifth Circuit has further held that "prisoner" status is assessed at the time the lawsuit is filed. *See Bernal v. Bexar County*, 757 Fed.Appx. 316 (5th Cir. 2018).

4

Here, Plaintiff admits he was a prisoner in the custody of the Mississippi Department of Corrections at the time he filed suit and, in fact, remains in the State's custody. *See Compl., CF/ECF Doc. No.* 1, ¶ III. Thus, the PLRA is applicable in this civil action.

1.    **Failure to Exhaust Administrative Remedies**

Plaintiff failed to exhaust his administrative remedies prior to filing suit. The PLRA declares: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Further, under § 1997e(a), a prisoner must exhaust such administrative remedies as are available, whatever they may be. *See Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate. *Id.* at 359.

The Warren County Sheriff's Department had a grievance process in place during Plaintiff's confinement. The grievance process is outlined in the affidavit attached to this Motion as Exhibit B. Specifically, the grievance policy requires inmates submit formal grievances on specific forms setting forth required information. *See Exhibit B, Affidavit.* An inmate who is dissatisfied with the grievance officer's decision can appeal the decision

to the Jail Administrator. *Id.* Plaintiff was aware of the grievance process during this incarceration in the Warren County Jail. *Id.*

In this case, Plaintiff alleges he submitted a grievance regarding the lack of accommodations in the Warren County Jail. *See OHT*, 20:14-18. However, despite vaguely claiming he used a form and complained of the lack of accommodations, Plaintiff's testimony is devoid of any details of the grievance he allegedly submitted. *Id.* at 20:19-21:9. Specifically, he is unable to provide a date of when he submitted a grievance or who it was addressed to. *Id.* Plaintiff also failed to allege, in either his Complaint or at the Court's omnibus hearing, he appealed the denial of a grievance to the Jail Administrator; this is an essential step in exhausting the Warren County Jail's grievance policy. *See Compl.*, generally; *see also OHT*, generally. Additionally, Plaintiff's inmate file contains no grievances Plaintiff allegedly submitted. *See Inmate Jail Record*, attached to the corresponding Motion as Exhibit C. In fact, a diligent search by Chief Deputy Bobby Stewart demonstrates Plaintiff failed to submit any grievances or appeals in accordance with the administrative remedies program. *See Exhibit B, Affidavit.*

Simply put, Plaintiff, at most, presents vague and confusing testimony indicating he complained in some capacity about accommodations. This is insufficient to create a genuine issue of material as whether he, despite being aware of the Warren County Jail, failed to exhaust his administrative remedies. As such, the PLRA requires this action be dismissed.

2.    <u>Lack of Injury</u>

Plaintiff's claims, to the extent he seeks monetary damages, must be dismissed because he has failed to satisfy the PLRA's injury requirement. 42 U.S.C. 1997e(e) provides that a prisoner seeking monetary damages must show that he or she suffered an injury in order to bring an action for another injury, namely mental or emotional injury. This physical injury "must be more than de minimus but need not be significant." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Here, as previously mentioned, Plaintiff clarified that he is seeking equitable relief instead of monetary damages. *See OHT*, 15:1-10. However, his Complaint demands relief of $50,000.00 for "emotional distress, punitive damages, and for pain and suffering[.]" *Compl., CF/ECF Doc. No*. 1, ¶ VI. Nevertheless, Plaintiff, as previously mentioned, admits he only suffered "aches and pains" and not a serious injury due to his falls. *OHT*, 13:23-14:7 and 21:10-24. Plaintiff is required to show an injury and he was required to make such a showing at the time he filed the suit for these claims. He did not and has still failed to do so. Thus, to the extent he seeks monetary damages for his claims, the PLRA bars the same, and Plaintiff's claims must be dismissed.

III.    <u>PLAINTIFF FAILED TO DEMONSTRATE A CONSTITUTIONAL VIOLATION</u>

Plaintiff's claims must be dismissed because he failed to demonstrate he suffered a constitutional violation. As the Court well-knows, to obtain relief under §1983, a plaintiff must articulate a constitutional harm that was suffered. *See Garcia v. Reeves*

*County, Tex.*, 32 F.3d 200, 202 (5th Cir. 1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). These claims must further be "cognizable" to recover under 42 U.S.C. § 1983. *See McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000). To be cognizable, it must allege a violation of a right "secured by the Constitution or laws of the United States" and show that the deprivation was committed by a person acting under color of state law. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000)).

In this case, Plaintiff asserts a claim for unconstitutional conditions of confinement and inadequate medical care. *See Compl., CF/ECF Doc. No.* 1, ¶ II.D, IV. D, and V.

### 1.    <u>Conditions of Confinement</u>

Plaintiff was a pretrial detainee at the time his claims arose.[2] As such, his claims must be measured against the Fourteenth Amendment. Whether an individual is detained prior to trial, or is confined to serve a sentence, the state is obligated to provide for basic human needs during the inmate's period of detention or confinement. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996). However, the rights of pretrial detainees are measured by the due process requirements of the Fourteenth Amendment, while the rights of sentenced inmates are measured by the standards of the Eighth Amendment. *See Ybarra-Fuentes v. City of Rosenberg*, Civil Action No. H-18-1824, 2018 WL 6019177 at * 2 (S.D. Tex. Nov. 16, 2018) (citing *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000).

---

[2] Sheriff Pace respectfully requests the Court take judicial notice of Plaintiff's underlying state criminal conviction, Criminal Action No. 75CI1:23-cr-00201, on October 11, 2024, that is subsequent to the underlying incidents in this matter. *See Compl., CF/ECF Doc. No.* 1, ¶ II.D and IV.C; *see also OHT*, 10:16-12:19.

Thus, though the standards overlap in the sense that both the Fourteenth and Eighth Amendments protect an inmate's rights to medical care and protection, Plaintiff's claims as a pretrial detainee should be analyzed separately from those claims arising from treatment as a sentenced inmate. *See Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019) (noting that while "[t]he proper analysis of each category of claims is the same, [because] 'Fourteenth Amendment case law concerning pretrial detainees [is based on] the Supreme Court's Eighth Amendment precedent concerning prisoners[,]" the court would analyze pretrial detainee's claims according to case law involving pretrial detainees.). As such, in this Circuit, the constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment.

A challenge to a condition of confinement is a challenge to "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644. These conditions, practices, rules, and restrictions can be explicit, such as "the number of bunks per cell, mail privileges, disciplinary segregation, etc." *Shepherd*, 591 F.3d at 452. Or, "[i]n some cases, a condition may reflect an unstated or de facto policy, as evidenced by a pattern of acts or omissions sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.'" *Id*. (quoting *Hare*, 74 F.3d at 645). When a plaintiff is challenging a condition of confinement, this court applies the test established by the Supreme Court in *Bell v. Wolfish* and asks whether the condition is "reasonably related to a legitimate governmental

objective." 441 U.S. 520, 539, 99 S.Ct. 1861, 1874 (1979); *see also Estate of Henson v. Wichita Cnty.*, 795 F.3d 456 (5th Cir. 2015).

A court must decide whether the condition is imposed for the purpose of punishment, or it is but an incident of some other legitimate governmental purpose. *See Flemming v. Nestor*, 363 U.S., at 613–617 (1960). Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–9, 83 S.Ct. 554 567–8 (1963); *see also Nestor, supra*, 363 U.S. at 617, 80 S.Ct., at 1376 (emphasis added). Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Wolfish*, 441 U.S. at 538–39, 99 S. Ct. at 1873–4; *see also United States v. Lovett*, 328 U.S. 303, 324, 66 S.Ct. 1073, 1083, 90 L.Ed. 1252 (1946) (concurring opinion) ("The fact that harm is inflicted by governmental authority does not make it punishment. Figuratively speaking all discomforting action may be deemed punishment because it deprives of what otherwise would be enjoyed. But there may be reasons other than punitive for such deprivation.").

Here, Plaintiff's claim is based on an alleged lack of accommodations in the Warren County Jail that purportedly resulted in two falls. *See Compl., CF/ECF Doc.* 1, ¶ II.D and IV.D; *see also OHT*, 9:8-10:1. The Fifth Circuit has been hesitant to find that a mere lack of accommodations is sufficient to establish a constitutional violation. *See Cadena v. El Paso*

*County*, 946 F.3d 717, 728 (5th Cir. 2020) (holding that a jail's policy requiring inmates on crutches carry their food trays themselves was not a constitutional violation.). Furthermore, no record evidence suggests Sheriff Pace or any other Warren County official withheld accommodations as a means to punish Plaintiff. Thus, Plaintiff has failed to show a claim for unconstitutional conditions of confinement, and the same must be dismissed with prejudice.

### 2.    <u>Inadequate Medical Care</u>

Plaintiff likewise claims he was not provided medical care after his falls. *See Compl., CF/ECF Doc. No.* 1, ¶ V; *see also OHT,* 10:7. To demonstrate a claim for inadequate medical care, a plaintiff must establish that officers acted with deliberate indifference to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). An officer acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Fifth Circuit has further explained that unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)). Simply put, a plaintiff must demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas*

11

*Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, absent a clear manifestation of a serious medical need, a plaintiff may not recover for not receiving medical care he or she did not request. *See Stapleton v. Lozano*, 125 F.4th 743, 749-60 (5th Cir. 2025); *see also Maxwell v. Epps*, Civ. Action No. 4:04CV168-P-A, 2007 WL 2903219, *3 (N.D. Miss. Sept. 28, 2007) ("[T]he court cannot hold the defendants liable for failing to provide [medical care] that the plaintiff did not request.").

In this case, Plaintiff admits he never sought medical attention for his falls; rather he simply asked Jail staff if he needed to see a doctor. *See OHT*, 13:11-22. Furthermore, there is no evidence that any serious medical need existed. *Id.*, generally. Thus, Plaintiff has not shown he was denied constitutionally adequate medical care. Sheriff Pace is entitled to judgment as a matter of law.

## IV.    PLAINITFF HAS NOT SHOWN MUNICIPAL LIABILITY

Finally, even could Plaintiff demonstrate a constitutional violation, Plaintiff's claims fail because he has not evidenced the elements of municipal liability. Claims against a government official in his or her official capacity are actually against the government entity that employs the official. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, claims against Sheriff Pace in his "official capacity" are nothing more than claims against Warren County.

A local government can be held liable under Section 1983 for violating a citizen's constitutional rights only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Governmental entities are "responsible only for

their own illegal acts" and are "not vicariously liable under § 1983 for their employees' actions." *Id*. Thus, there is no *respondeat superior* liability under Section 1983; rather, the key to municipal liability is demonstrating that the deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *See Monell v. City of New York Dept. of Social Servs*., 436 U.S. 658, 694 (1978). Simply put, the unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur[.]" *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here, to establish liability against Warren County, the entity that employs Sheriff Pace, Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Independent School Dist*., 349 F.3d at 244, 247 (5th Cir. 2003). "Proof of an official policy or custom can be shown in several ways, including: (1) formally adopted policies; (2) informal customs or practices; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final policymaking authority." *Thomas v. Prevou*, Civ. Action No. 1:05cv707-KS-MTP 2008 WL 111293, *3 (S.D. Miss. 2008) (citing *Monell*, 436 U.S. at 694 (1978); *Snow v. City of El Paso, Texas*, 501 F. Supp. 2d 826, 831 (W.D. Tex. 2006)).

Plaintiff must also demonstrate a link between the policy and the constitutional violation, and the policy must be maintained with "objective deliberate indifference" to a constitutionally protected right. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir.

2002). A municipality acts with objective deliberate indifference if it promulgates a policy or custom despite the "known or obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 567. Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Id*. at 579.

Here, Plaintiff has wholly failed to present record evidence of a Warren County policy, practice, or custom that has any bearing on his claims. *See Compl., CF/ECF Doc. No. 1, generally; see also OHT*, generally. Thus, he has failed to sufficiently show the elements of municipal liability necessary to prevail. This action must be dismissed with prejudice.

<u>CONCLUSION</u>

For the reasons stated hereinabove, as well as in the corresponding Motion for Summary Judgment, Sheriff Pace respectfully moves that this Court grant him a favorable summary judgment, dismissing Plaintiff's claims with prejudice, and granting all other such relief that this Court would find appropriate.

**DATE:        November 12, 2025.**

Respectfully submitted,

**SHERIFF MARTIN PACE**

BY:    */s/ William D. Boyd*
             One of His Attorneys

14

WILLIAM R. ALLEN (MSB #100541)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
Email: will.allen@butlersnow.com
Email: will.boyd@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow, LLP, one of the attorneys for Sheriff Martin Pace, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Summary Judgment with the Clerk of the Court using the ECF system, and that I have this day mailed, postage prepaid, a true and correct copy to the following non-ECF participant:

> Elza C. Sanders,
> # 253399
> Central Mississippi Correctional Facility
> P.O. Box 88550
> Pearl, MS 39208
> *Pro Se Plaintiff*

This 12th day of November 2025.

*/s/ William D. Boyd*
OF COUNSEL

98287917.v1

15